UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10005-RWZ

HARRY G. SCHORTMANN, JR. and JACQUELINE SCHORTMANN

v.

UNITED STATES OF AMERICA

MEMORANDUM OF DECISION

May 20, 2013

ZOBEL, D.J.

Plaintiffs, proceeding pro se, have sued the United States saying that the Internal Revenue Service ("IRS") unlawfully processed their 1997 tax return and then tried to collect their taxes unlawfully. The government now moves to dismiss the complaint. It argues that the court does not have jurisdiction to hear the case, and that in any case plaintiffs have not alleged any facts showing the government broke the law.

Plaintiffs are suing under 26 U.S.C. § 7433, which allows a taxpayer to sue if any IRS employee violates the tax collection laws "recklessly or intentionally, or by reason of negligence." 26 U.S.C. § 7433(a). But before they can sue under that statute, plaintiffs must first try to get relief through the administrative process. Id. § 7433(d)(1) (plaintiffs must "exhaust the administrative remedies available . . . within the Internal Revenue Service"). In this case, that means plaintiffs must follow the procedures in 26 C.F.R.

§ 301.7433-1(e). Specifically, they must send a claim in writing to their IRS area director, including their name, the grounds for their claim, a description of the injuries they sustained, and the amount of their claim. Id. The regulation lays out a number of other requirements, which must all be followed carefully.

If plaintiffs have not done that, then this court has no jurisdiction to hear their case. Nogueras-Cartagena v. United States, 125 F. App'x 323, 327 (1st Cir. 2005). If plaintiffs have done that, then they must say so in their complaint. In that case, they should move for leave to amend their complaint, and should attach a proposed amended complaint to their motion. If plaintiffs do move to amend their complaint, they should say in their proposed amended complaint what they did to comply with the requirements of 26 C.F.R. § 301.7433-1(e). They may also say what response, if any, they received from the IRS.

Likewise, if plaintiffs want to amend their complaint, they should add more details in their proposed amended complaint to say what happened and why they think the IRS violated the law "recklessly or intentionally, or by reason of negligence." 26 U.S.C. § 7433(a). Otherwise, the government will likely again move to dismiss the amended complaint for failing to explain how the government broke the law. See Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009) (holding that a plaintiff must state in the complaint enough facts about what happened to plausibly show that the defendant broke the law).

The government also argues that plaintiffs have already sued about the same issues they are suing about now. If so, plaintiffs probably would not be allowed to sue

about those same issues again, because of two legal rules that forbid suing about the same thing twice: res judicata and collateral estoppel. See Haag v. Shulman, 683 F.3d 26, 30 (1st Cir. 2012) (res judicata); Kowalski v. Gagne, 914 F.2d 299, 302 (1st Cir. 1990) (collateral estoppel). At this point, because there are not many facts stated in the complaint, the court does not know what the plaintiffs are suing about. The court therefore cannot decide the res judicata and collateral estoppel issues now. However, the government may make those arguments again if the plaintiffs move for leave to amend their complaint.

Because the complaint does not allege facts showing that the plaintiffs exhausted their administrative remedies under 26 C.F.R. § 301.7433-1(e), the complaint is dismissed for lack of jurisdiction.

|  |  |
|---|---|
|    May 20, 2013    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |